UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-60473-BLOOM/Valle

DEJACMAR FRANCOIS,

    Plaintiff,

v.

7 ELEVEN, INC.,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On May 25, 2022, Plaintiff filed the operative First Amended Complaint to Add Proper Party, ECF No. [9] ("Complaint"), asserting two counts for breach of contract. For the reasons set forth below, the Court lacks subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction

and give courts power the Congress denied them." *Id.* (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

First, the Complaint does not set forth any basis for federal question jurisdiction. *See* ECF No. [9]; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Second, for a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." *Univ. of S. Ala.*, 168 F.3d at 412. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed a citizen of every State . . . by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" In this case, Plaintiff is alleged to be a natural person and a citizen of the State of Florida. *See* ECF No. [9] ¶ 2. Defendant is alleged to be a Florida corporation with its principle place of business in Florida. *See id.* ¶ 3. Thus, accepting the Complaint's allegations as true, the Complaint fails to allege complete diversity.

To the extent that Plaintiff alleges that "section 30(b) of the Franchise agreement states: 'with respect to any controversy not finally resolved through mediation, [the parties] hereby irrevocably submit to the jurisdiction of any forum or Court, whether Federal or State, within the judicial district unlawful alleged[,]'" ECF No. [9] ¶ 7, the Court notes that a contractual provision cannot confer a federal court with subject matter jurisdiction. *See Ins. Corp. of Ireland v.*

Case No. 22-cv-60473-BLOOM/Valle

*Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant."); *Univ. of S. Ala.*, 168 F.3d at 410. Therefore, the Court is without subject matter jurisdiction over the instant action.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [9]**, is **DISMISSED WITHOUT PREJUDICE;**

2. All pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**;

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 6, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record